IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY LEE TAYLOR, JR.,

　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　CIVIL ACTION NO.   2:21-cv-00325

CITY OF DUNBAR, et. al.,

　　　　　　　　Defendants.

MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiff's *Complaint* (Document 1-1), the *Defendants' Motion to Dismiss* (Document 3), the *Defendants' Memorandum in Support of Motion to Dismiss* (Document 4), the *Plaintiff's Response to Defendant's Motion to Dismiss Complaint* (Document 7), and the *Defendant's Reply in Support of Motion to Dismiss* (Document 8).   For the reasons stated herein, the Court finds that the motion should be granted in part and denied in part.

FACTUAL ALLEGATIONS

The Plaintiff, Timothy Lee Taylor, Jr., filed his *Complaint* (Document 1-1) in the Circuit Court of Kanawha County, West Virginia, on April 30, 2021.   It was removed on June 4, 2021. The Plaintiff was acting pro-se at the time he filed his complaint, though he is now represented by counsel.   Because the complaint was filed pro se, the allegations therein will be afforded liberal

1

construction.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).[1]

Mr. Taylor was shopping at Ollie's on or about May 1, 2019, when someone with whom he had had a prior altercation threatened him.   A bystander called police, and the Dunbar Police Department responded.   The other man exited the store and spoke with officers in front of the store when they arrived.   Officers entered the store looking for Mr. Taylor.   Mr. Taylor left through a back exit and drove away to avoid the man who had threatened him, who he observed still outside the store, unrestrained by the officer(s).

Officers conducted a traffic stop, and Mr. Taylor pulled over.   He was compliant with the officers' directives.   Despite his compliance, Defendants Barker and Lester "punched and slammed Plaintiff to the ground using excessive force."   (Compl. at ¶ 4.)    "Defendant Barker put his knee on the back of Plaintiff's head and applied his full body weight causing Plaintiff severe injur[y] and cutting off the flow of blood and oxygen."   (*Id.* at ¶ 5.)   Mr. Taylor alleges that he suffered severe injuries to his head and face, requiring ongoing medical care.

Mr. Taylor was charged with First Degree Attempted Murder based on the false testimony of Defendant Barker.   His family members are suing the Dunbar Police Department as a result of an unrelated incident, and he contends that the decision to charge him was made in retaliation for his family's lawsuit.   Officers with the Dunbar Police Department have also pulled him over without cause.   As a result of the charge, his name and photograph were publicized, and the manager of the building where he is employed barred him from entering, causing him to lose

---

1 Given Mr. Taylor's pro-se status at the time of the filing of the Complaint, the Court has drawn the factual allegations from a typed complaint, a handwritten complaint, and an email dated April 30, 2021, with the subject line "Victim statement."

income.   The First Degree Attempted Murder charge was dismissed after a year with no indictment.

Mr. Taylor alleges that the City of Dunbar fails to properly train, supervise, and/or discipline officers, despite citizen complaints, and does not adequately investigate officer misconduct.

Based on the Plaintiff's counseled response to the motion to dismiss, he is pursuing claims for excessive force and malicious prosecution as to Defendants Barker and Lester and a *Monell* claim against the City of Dunbar for a pattern of failing to discipline excessive force and misconduct by officers.   Although the Defendants' motion to dismiss addresses additional potential claims based on the Plaintiff's pro-se complaint, the Court will focus only on the clarified claims included in the Plaintiff's response, and any remaining claims and Defendants will be dismissed.[2]

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading.   *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008).   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).   "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

---

2 The Defendants argue that the additional claims should be dismissed with prejudice.   The Court finds that abandoned claims are more properly dismissed without prejudice, as there has been no ruling on the merits.

accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).   In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements."   *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).   The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor."   *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).   However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.   *Iqbal,* 556 U.S. at 679.   Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments."   *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).   In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570).   A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief."

4

*Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557).   "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendants assert that the City of Dunbar is entitled to statutory immunity pursuant to W.Va. Code § 29-12A-5(a)(5) because the claims relate to the provision of law enforcement and police protection.   They also contend that the City of Dunbar cannot be held vicariously liable for the intentional acts of its employees.   They argue that a *Monell* claim is unsupported by factual allegations regarding any policy or practice that plausibly caused the Plaintiff's injuries.   The Defendants further argue that the complaint does not state a claim for battery or excessive force against Officers Barker and Lester, and that the officers are entitled to qualified immunity.   The Defendants further argue that the Plaintiff's complaint does not assert a claim for malicious prosecution.   Even if such a claim could be read into the complaint, the Defendants contend that the complaint does not allege sufficient facts, specifically noting that there is no allegation that any of these Defendants were responsible for prosecuting the Plaintiff.

The Plaintiff argues that his allegations that Officers Barker and Lester punched him and slammed him to the ground, causing serious injuries, while he complied with their commands, are sufficient to state a claim for excessive force.   He further contends that his allegations that he was falsely arrested and charged with First Degree Attempted Murder based on Officer Barker's false testimony states a claim for malicious prosecution.   Finally, he argues that he adequately alleged that the City of Dunbar is aware of acts of misconduct and excessive use of force and took no

5

corrective action.   He contends that those allegations support an inference that the City of Dunbar is deliberately indifferent to excessive force by officers and has a custom or practice not imposing consequences for use of excessive force.

### A.   Excessive Force

The Fourth Amendment provides a right to be free from unreasonable seizures, including the use of excessive force.   *Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003).   Qualified immunity is an affirmative defense intended to shield public officials from civil suits arising out of their performance of job-related duties.   *See, e.g., Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009).   Defendants asserting a qualified immunity defense first bear the burden of "demonstrating that the conduct of which the plaintiff complains falls within the scope of the defendant's duties."   *In re Allen*, 106 F.3d 582, 594 (4th Cir. 1997) (internal quotation marks omitted.)   The defense of qualified immunity is available unless the official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the plaintiff…."   *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (internal emphases omitted).   Officials are protected even if they make reasonable mistakes of fact or law, so long as they do not violate a clearly established statutory or constitutional right. *Pearson*, 555 U.S. at 231–32.   "A constitutional right is 'clearly established' when its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right."   *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013) (internal quotation marks and citations omitted).

Courts are advised to "ask first whether a constitutional violation occurred and second whether the right violated was clearly established." [3]  *Id.*  The reasonableness analysis is objective.  Courts must "examine[] only the actions at issue and measure[] them against what a reasonable police officer would do under the circumstances," but the inquiry "must be filtered through the lens of the officer's perceptions at the time of the incident."  *Rowland v. Perry*, 41 F.3d 167, 172-73 (4th Cir. 1994).   "[T]he officer's subjective state of mind is not relevant to the qualified immunity inquiry but his perceptions of the objective facts of the incident in question are."  *Id.* at 173.

The Fourth Circuit has also explained, in the context of a qualified immunity defense to excessive force allegations, that "the objective reasonableness of force [should be viewed] in full context, with an eye toward the proportionality of the force in light of all the circumstances." *Rowland*, 41 F.3d at 173–174 (summarizing the facts in that case to state that "it is impossible to escape the conclusion that a man suffered a serious leg injury over a lost five dollar bill," where an officer pursued and tackled a man who had picked up and failed to return a five dollar bill dropped by a woman at a bus station, after the officer ordered him to return the money).   Rather than examining a single aspect of an incident in isolation, courts are to evaluate the objective reasonableness based on the totality of circumstances.  *Id.*[4]   Factors to consider in excessive force cases include "the severity of the crime at issue, whether the suspect poses an immediate threat to

---

3 "Courts are 'permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.'"  *Smith v. Ray*, 781 F.3d 95, 106, fn 3 (4th Cir. 2015) (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

4  The Fourth Circuit has clarified that not viewing events in isolation means that "the events should [not] be reviewed outside the context of the conduct that precipitated the seizure."  *Waterman v. Batton*, 393 F.3d 471, 481 (4th Cir. 2005).   However, "the reasonableness of force employed can turn on a change of circumstances during an encounter lasting only a few seconds," and when the justification for a use of force is eliminated, the use of force must cease. *Id.*

the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."   *Graham v. Connor*, 490 U.S. 386, 396 (1989).

The Plaintiff alleges that Officers Barker and Lester punched him and slammed him to the ground with excessive force.   He alleges that Officer Barker "put his knee on the back of Plaintiff's head and applied his full body weight causing Plaintiff severe injury and cutting off the flow of blood and oxygen."   (Compl. at ¶ 5.)   He alleges that he was compliant, unresisting, and posed no threat, that the Defendants sustained no injuries, and that he suffered severe head and face injuries.

Accepting the Plaintiff's allegations as true, he was offering no resistance and was not attempting to evade arrest when Defendants Barker and Lester punched him, slammed him forcefully to the ground, and kneeled on his head, resulting in severe injuries that require ongoing medical treatment.   This occurred when he was pulled over shortly after he left a store where police responded after another man threatened the Plaintiff.   The Defendants assert that the officers acted reasonably, stating that the "Plaintiff not only attempted to flee in his vehicle, he hit Officer Barker with his car as he tried to get away."   (Def.'s Mem. at 8.)   However, the Plaintiff's complaint does not allege that he hit Officer Barker with his car or attempted to flee from police. At this stage, the question is whether an officer is entitled to qualified immunity for punching a compliant, unresisting suspect, slamming him to the ground, and kneeling on his head.   The Fourth Circuit has held that no reasonable officer could believe that he was justified in grabbing a "previously compliant young woman" suspected of "at most…the misdemeanor of contributing to the delinquency of a minor" and "throwing her to the ground, slamming his knee into her back, and wrenching her arm behind her," or punching her when she struggled because she had difficulty

8

breathing.   *Smith v. Ray*, 781 F.3d 95, 103 (4th Cir. 2015).   The force used by Officers Barker and Lester is strikingly similar to that in *Smith*, as is the lack of resistance from the Plaintiff.   Thus, the Court finds that the Plaintiff has stated a claim for excessive force against Officers Barker and Lester, and the Defendants are not entitled to qualified immunity.

### B.  Malicious Prosecution

The West Virginia Supreme Court has held that "To maintain an action for malicious prosecution it is essential to prove (1) that the prosecution was malicious, (2) that it was without reasonable or probable cause, and (3) that it terminated favorably to plaintiff."   Syl. Pt. 1, *Norfolk S. Ry. Co. v. Higginbotham*, 721 S.E.2d 541, 542 (W. Va. 2011).   The court further established the following elements: "(1) that the prosecution was set on foot and conducted to its termination, resulting in plaintiff's discharge; (2) that it was caused or procured by defendant; (3) that it was without probable cause; and (4) that it was malicious.   If plaintiff fails to prove any of these, he can not recover."   *Id.* at Syl. Pt. 2. "[P]rocrement within the meaning of a malicious prosecution suit requires more than just the submission of a case to a prosecutor; it requires that a defendant assert control over the pursuit of the prosecution."   *Id.* at 547.

As an initial matter, given the Plaintiff's pro-se status at the time the Complaint was filed, the Court finds that he adequately asserted a malicious prosecution claim, despite not using the proper legal terminology.   He alleged that he was wrongfully arrested and charged with First Degree Attempted Murder based on Officer Barker's false testimony.   He further alleges that he was charged in retaliation for his family's lawsuit against the Dunbar Police Department and that the case, against him, was dismissed without an indictment after a year.   Those allegations were sufficient to place the Defendant on notice of the claim.

However, the Court finds that the facts alleged are not sufficient to state a claim for malicious prosecution under West Virginia law.   The West Virginia Supreme Court recently held that a case dismissed without prejudice generally will not be considered "terminated" for purposes of a malicious prosecution claim because the court could not "say as a matter of law that the charges will not be revived."   *Goodwin v. City of Shepherdstown*, 825 S.E.2d 363, 369 (W. Va. 2019).   The Plaintiff's Complaint and attached documents, that are integral to the complaint, indicate that the case was dismissed without prejudice, and there are no factual allegations suggesting that the charges could not proceed in the future.   Therefore, the motion to dismiss will be granted as to the malicious prosecution claim.

### C.  Monell Claims Against the City of Dunbar

42 U.S.C. § 1983 states that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A local government cannot be sued under 42 U.S.C. § 1983 for injuries caused by its employees or agents unless it is the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" that causes the injury.   *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

"A plaintiff must point to a persistent and widespread practice of municipal officials, the duration and frequency of which indicate that policymakers (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their deliberate indifference."   *Owens*

10

*v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014) (internal quotation marks and punctuation omitted).   The Fourth Circuit noted that alleging a §1983 *Monell* claim is relatively easy, though prevailing is difficult.   *Id.*   "The recitation of facts need not be particularly detailed, and the chance of success need not be particularly high.   A plaintiff fails to state a claim only when he offers 'labels and conclusions' or formulaically recites the elements of his § 1983 cause of action."   *Id.* at 403 (internal citation and quotation marks omitted).

The Plaintiff alleges that "Defendant City of Dunbar failed to properly train, supervise, and/or discipline their employees and/or displayed deliberate indifference to their employee's past conduct, including but not limited to Officer Adam Mason's past conduct."   (Compl. at ¶ 13.)   In addition, he alleges that "Defendant City of Dunbar has received numerous Complaints from citizens and failed to adequately investigate officer misconduct, including, lost video evidence, failure to take unfavorable witness statements, and failure to require body cam footage of arrests." (*Id.* at ¶ 14.)   No other allegations relate to a pattern or practice of misconduct.

These allegations may suggest a pattern of failure to address officer misconduct, but there is no apparent connection between the misconduct that the City of Dunbar allegedly failed to adequately investigate or respond to and the alleged excessive force that injured the Plaintiff.   The only types of misconduct the Complaint specifies relate to evidence: video evidence, witness statements, and body cam footage.   He also alleges failure to address unspecified misconduct by a specific officer who was not involved in the instant case.   The Plaintiff complains of excessive use of force during his arrest.   The Court finds that the Complaint does not allege sufficient facts to state a claim that the City of Dunbar has a practice or custom of permitting officers to use

excessive force.   Therefore, the motion to dismiss the § 1983 claim as to the City of Dunbar must be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Motion to Dismiss* (Document 3) be **DENIED** as to the claim of excessive force in violation of 42 U.S.C. §1983 against Officer Barker and Officer Lester, and **GRANTED** as to all other claims and Defendants.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        August 31, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA